FILED
CLERK, U.S. DISTRICT COURT

AUG - 7 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT

AUG -8 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKEBO ABAGNININ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMVAC CHEMICAL CORPORATION, et al., <br><br> Defendants. | No. CV 06-6157-GW (RCx) <br><br> **ORDER** |

For the reasons stated: (1) in this Court's written tentative decision distributed to the parties and (2) at the hearing on May 21, 2007, the identified Manufacturer Defendants and Fruit Defendants' Motion[s] to Dismiss the First Amended Complaint ("FAC") are granted.

At said hearing, an issue arose as to whether the dismissal should be with leave to amend or without, and whether the Plaintiffs should be allowed to do discovery before any dismissal of this case without leave to amend. The Court ordered further briefing on that issue which has been provided.

In his March 14, 2007 Order, Judge Anderson dismissed with prejudice Plaintiffs' causes of action for genocide and unlawful distribution of pesticides. As to the remaining causes of action which were all based on the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, Judge Anderson held that those claims required the presence of "state action". Plaintiffs were given leave to amend to allege that element in their causes of action.

This Court in granting the present motion(s) to dismiss has found that "the Plaintiffs have not sufficiently addressed the shortcomings that were identified in the March 14, 2007 Order in regards to the state action element." Plaintiffs' counsel has requested that they be allowed to conduct discovery on that issue. While this Court is inclined - in theory - to allow discovery on the topic of state action alone, Plaintiffs' description of their desired discovery would not seem to provide them with a basis for successfully amending their pleading.

It would seem axiomatic that the primary source for the information as to the existence or non-existence of state action in this case would come from the "state" entity involved herein, which is the government of the Ivory Coast. However, the Plaintiffs have not named the Ivory Coast as a defendant in this litigation. Furthermore, as asserted by the Defendants herein, the Ivory Coast is not a party to the Hague or the Vienna Conventions. Moreover, at this point, there is a question as to whether discovery on Ivory Coast would be prohibited under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.

Plaintiffs respond by indicating that their proposed discovery is not directed to the government of the Ivory Coast but rather to the "defendants in this action." See Plaintiffs' Reply to Defendants' Brief Regarding Discovery at page 2. The Plaintiffs' proposed discovery (which they have included as Exhibits A and B to their Memorandum of Points and Authorities in Support of Discovery) primarily addresses the issues of: (1) whether the Defendants provided any "agency, entity, or official of the Ivory Coast" with information or warning about the toxic hazards of DBCP at any time from 1950 to 1986, and (2) whether the Defendants have any evidence of the Ivory Coast's government's knowledge of such hazards. However, assuming arguendo that Plaintiffs would be able to allege that the Ivory Coast government was aware of the toxic hazards of DBCP, that assertion (even if combined with Plaintiffs' allegations in the FAC) would still not be sufficient to establish a state/governmental policy in regards to the commission of a crime against humanity, race discrimination and/or other basis for their ATS claim.

///

///

///

In light of the above, the Court sets a further hearing on the discovery/dismissal without leave to amend issue for August 20, 2007, at 8:30 a.m. in Courtroom 10, 312 North Spring Street, Los Angeles, CA 90012.

DATED: August 7, 2007

GEORGE H. WU
United States District Judge